**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| FRANCISCO RAMIREZ-TORRES, <br><br> Plaintiff <br> v. <br><br> C. RAY HUGHES, *et al.*, <br><br> Defendants | Civ. No. 18-2098 (RMB) <br><br> **OPINION** |

BUMB, District Judge

   Plaintiff Francisco Ramirez-Torres, a prisoner confined at Southern State Correctional Facility in Delmont, New Jersey brings this civil rights complaint under 42 U.S.C. § 1983, alleging failure to protect from unsafe conditions of confinement, failure to provide adequate medical care, and retaliation. (Compl., ECF No. 1.) Plaintiff has filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915("IFP") and has established his financial eligibility to proceed without prepayment of the filing fee. (IFP App., ECF No. 1-1.)

   When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review the complaint and *sua sponte*

dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Complaint is dismissed without prejudice.

I. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the *Pro Se* Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.

2

Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint[.]" Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSSION

    A.   The Complaint

Plaintiff alleges the following facts in his Complaint, accepted as true for purposes of this screening only. Plaintiff was assigned to 1Unit-Ewing-5UP at Southern State Correctional Facility at the time the following incident occurred. (Compl., ECF

3

No. 1, ¶6.) On November 21, 2017, Plaintiff fell trying to get in his top bunk when the outer leg of the bunk collapsed through the dilapidated floor. (Id.) The floor had been scheduled for repairs for months without action. (Id.)

Unit officers promptly called for medical attention when Plaintiff fell, and he was taken by wheelchair to see Dr. Pomerantz. (Id. at 9, ¶(e)). Dr. Pomerantz was hostile and dismissive of Plaintiff's complaint of back injury. (Id.) Dr. Pomerantz denied Plaintiff's request for an X-ray. (Compl., ECF No. 1, ¶6.)

Plaintiff attached an administrative remedy form to his complaint, indicating that he complained to the Administration that "Medical" never gave him a thorough examination and only treated him with pain medication, otherwise ignoring Plaintiff's complaints that he wanted to know what was wrong with his back. (Id. at 10.) Approximately one month after his fall, Plaintiff was concerned that he was not getting proper medical attention because his lower back was stiff and in constant pain. (Id.)

Plaintiff alleges the prison has a work order list that documents requests for institutional repairs. (Compl., ECF No. 1 at 9, ¶(d)). Bobby Hyson, Assistant Supervisor of the Maintenance Department, logs work orders on the list and is responsible for disseminating the work orders to maintenance staff to carry out the repairs. (Id.) Mr. Hyson received a work order for repair of

4

the flooring in Plaintiff's sleeping area months prior to Plaintiff's fall. (Compl., ECF No. 1 at 9, ¶(d)).

Plaintiff also named the Administrator C. Ray Hughes and Assistant Administrator Heather Griffith of Southern State Correctional Facility as defendants to this action. (Compl., ECF No. 1, ¶¶4(b), (c)). Plaintiff alleges C. Ray Hughes was "[a]ware of the dilapidated flooring in the plaintiff's housing unit, acted with deliberate indifference, neglecting his official duty to maintain safe conditions within an institution he's responsible for, thus exposing the plaintiff to unsafe conditions which caused his fall & injury." (Id., ¶4(b)). Plaintiff alleges Heather Griffith was "[a]ware of my fall, and sustained injuries thereof, being the official I appealed to with my medical complaints (see 'Administrative Remedies' attachments: Ref#682077), displayed deliberate indifference to my pleas and need for adequate medical attention." (Id., ¶4(c)).

Plaintiff further alleges, "I have since been moved to another unit, in retaliation, because of this incident and persistent complaints." (Compl., ECF No. 1, ¶6.) Plaintiff seeks damages and injunctive relief of adequate medical treatment. (Id., ¶7.)

B. Claims under 42 U.S.C. § 1983

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights by a state official or employee. Section 1983 provides, in relevant part:

5

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a claim for relief under § 1983, a plaintiff must first allege the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

1. Eighth Amendment Failure to Protect Claim

The Eighth Amendment protects against inhumane conditions of confinement; therefore, prison officials must provide prisoners with adequate food, clothing, shelter, and medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994). A prison official violates the Eighth Amendment when the official is deliberately indifferent to inmate health or safety. Id. at 834. Deliberate indifference is shown if the official knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Farmer, 511 U.S. 847. "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Franco-Calzada v. U.S.,

375 F. App'x 217, 220 (3d Cir. 2010) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).

Plaintiff alleges Mr. Hyson received and logged a work order and assigned maintenance staff to repair the dilapidated floor under Plaintiff's bunk but, months later, the repairs had not been made. Plaintiff alleged the leg of his bunk broke through the floor, causing him to fall. The condition Plaintiff describes is insufficient to show Mr. Hyson or the warden were aware that if the floor was not repaired immediately that Plaintiff faced a substantial risk of serious harm when getting into his bunk.

The facts Plaintiff alleges rise only to a negligence claim, which is properly brought under state law after following the requisite procedures under the New Jersey Tort Claims Act.[1] The Court will dismiss the Eighth Amendment failure to protect claims without prejudice, permitting Plaintiff to file an amended complaint if he can allege additional facts showing that the condition of the floor presented a substantial risk of serious harm to Plaintiff. Alternatively, Plaintiff may bring negligence claims in state court, subject to state law requirements.

    2.   <u>Eighth Amendment Inadequate Medical Care Claim</u>

To state an inadequate medical care claim under the Eighth Amendment's proscription against cruel and unusual punishment, an

---

[1] N.J.S.A. § 59:1-1 *et seq.*

inmate must allege facts showing the defendant's conduct constituted "unnecessary and wanton infliction of pain" or that the defendant was deliberately indifferent to the inmate's serious medical needs. Estelle, 429 U.S. at 104. The Court will assume for purposes of this screening that Plaintiff's back injury constitutes a serious medical need.

Deliberate indifference exists where (1) prison authorities deny reasonable requests for medical treatment, (2) knowledge of the need for medical care is accompanied by the intentional refusal to provide it, (3) necessary medical treatment is delayed for non-medical reasons, and (4) prison authorities prevent an inmate from receiving recommended treatment for serious medical needs. Monmouth County Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). Allegations of medical malpractice or disagreement as to proper medical treatment are insufficient to establish a constitutional violation. See Watkins v. Cape May County Corr. Center (Medical Dept.), 240 F. App'x 985, 987 (3d Cir. 2007) (per curiam) (failure to order MRI and refill medications was not deliberate indifference where physician believed such actions were not medically necessary). "If the doctor's judgment is ultimately shown to be mistaken, at most what would be proved is medical malpractice, not an Eighth Amendment violation." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

8

Plaintiff alleges Dr. Pomerantz was dismissive of his complaints and refused to order an X-ray. Plaintiff, however, also alleges Dr. Pomerantz treated him with pain medication. Plaintiff's disagreement with Dr. Pomerantz's choice of treatment and method of evaluation, at most, alleges medical negligence.

Plaintiff also seeks to hold Assistant Administrator Heather Griffith responsible for Dr. Pomerantz's failure to order an X-ray because Plaintiff complained to her about his disagreement with his medical treatment. "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official … will not be chargeable with … deliberate indifference." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). The Court will dismiss these claims without prejudice, permitting Plaintiff to file an amended complaint if he can allege additional facts to establish deliberate indifference to a serious medical need.

### 3. First Amendment Retaliation Claim

"To establish a First Amendment retaliation claim, a plaintiff must demonstrate that (1) he engaged in a constitutionally protected activity; (2) he suffered, at the hands of a state actor, adverse action 'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;' and (3) that the protected activity was a substantial motivating factor in the state actor's decision to take adverse action."

9

Whitney v. Wetzel, 649 F. App'x 123, 126 (3d Cir. 2016) (quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)). Filing a grievance or lawsuit in prison is a constitutionally protected activity under the First Amendment. Id. (citing Millhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981)).

Plaintiff's allegation that he was moved to a different housing unit in retaliation for filing grievances does not constitute an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights. Additionally, Plaintiff did not allege sufficient facts to establish a causal link between his exercise of the protected activity and the alleged adverse action. See Lauren W. ex. rel Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007) (to establish a causal connection, a plaintiff must usually allege an unusually suggestive temporal proximity between the protected activity and the adverse action or a pattern of antagonism accompanied with timing.) Finally, Plaintiff did not name any defendant who was personally involved in the alleged retaliation. See Pepe v. Lamas, 679 F. App'x 173, 176 n.2 (3d Cir. 2017) (per curiam) (affirming dismissal of retaliation claim where prisoner failed to show defendants were personally involved in retaliation.)

If Plaintiff wishes to pursue this claim in an amended complaint, he should provide additional facts to establish (1) how

any defendant was personally involved in the alleged retaliation; (2) how moving to another housing unit would deter a person of ordinary firmness from filing grievances or lawsuits; and (3) a causal connection between the protected activity and the alleged adverse action.

III. CONCLUSION

    For the reasons stated above, the Court grants Plaintiff's IFP application but dismisses the Complaint without prejudice. An appropriate order follows.

DATE:  September 19, 2018
                                      s/Renée Marie Bumb_____
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**